## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AUGUST IMAGE, LLC, | ) | |
|     Plaintiff, | ) | |
| | ) | Case No.: |
|     v. | ) | |
| | ) | |
| WASH EL RESTAURANTS, LLC, | ) | |
| | ) | |
|     Defendant, | ) | |
| | ) | |
| | ) | |

## COMPLAINT AND JURY DEMAND

The plaintiff August Image, LLC ("Plaintiff"), by its undersigned attorney, R. Terry Parker, Esq., for its Complaint against the defendant Wash El Restaurants, LLC ("Defendant"), alleges as follows:

### SUBSTANCE OF THE ACTION

1.      This is a case of copyright infringement in violation of 17 U.S.C. §§ 106(1), 501. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

### PARTIES

2.      Plaintiff is a New York limited liability    with a principal place of business at 22 West 23rd Street, 3rd Floor, New York, New York 10010.

3.      Upon information and belief, Defendant is a limited liability company organized under the laws of the Commonwealth and doing business 22 Brimmer Street, Boston, Massachusetts, 02108.

### JURISDICTION AND VENUE

4.      This is a civil action seeking damages and injunctive relief for copyright

1

infringement under the copyright laws of the United States, and therefore this Court has

jurisdiction under 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1331 (federal question

jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5.      Personal jurisdiction over Defendant is proper.  Defendant is conducting

business in this judicial district and committing torts in this state, including without

limitation Defendant's copyright infringement, which causes harm in this state and

judicial district.

6.      Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a

substantial part of the events giving rise to the claims herein occurred in this judicial

district.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

A.    **Plaintiff's Business**

7.      Plaintiff is a boutique agency offering a uniquely creative caliber of

photography from its full-service rights managed collection.  Plaintiff is the exclusive

representative for an elite group of creative and innovative contemporary photographers

specializing in celebrity and fashion photography and video.  On behalf of its award-

winning photographers, Plaintiff licenses photographic works from its catalogue to

various third parties for various purposes, including editorial, advertising, corporate, and

non-profit purposes.  In short, Plaintiff takes care of the business of monetizing the works

of its photographers so that the photographers can take care of the business of creating

award winning works.

8.      On behalf of its award-winning photographers, Plaintiff licenses

photographic works from its catalogue to various third parties for various purposes,

2

including editorial, advertising, corporate, and non-profit purposes.  In short, Plaintiff

takes care of the business of monetizing the works of its photographers so that the

photographers can take care of the business of creating award winning works.

9.      Among Plaintiff's many celebrated photographers to have granted Plaintiff

an exclusive license of copyrights for the purpose of monetizing their work is Mark

Seliger, the author of the photographic works at issue in this litigation.  Mr. Seliger is one

of the most sought-after fashion and celebrity portrait photographers in the industry.

10.     Mr. Seliger is the sole author of the following work of the actors Benicio

del Toro and Parker Posey, hereinafter referred to as the "Copyrighted Work":



11.    Mr. Seliger has previously obtained a certificate of registration from the United States Copyright Office, Reg. No. VA 2-366-180 for the copyrights in and to the Copyrighted Work.

12.    The Copyrighted Work is an original work of authorship.

13.    Plaintiff is the beneficial owner as exclusive licensee of the copyrights in and to the Copyrighted Work.

14.    Plaintiff licenses the Copyrighted Work for professional applications including editorial, advertising, corporate and non-profit use.

**B.    Defendant's Unlawful Activities**

15.    Plaintiff discovered Defendant infringing Plaintiff's exclusive copyrights in the Copyrighted Work.

16.    Specifically, Plaintiff discovered the Copyrighted Work being publicly displayed, without Plaintiff's authorization at the Instagram page controlled by Defendant ("Infringing Website"), a copy of the screenshot of which is depicted here:



17.     Upon information and belief, Defendant operates and directly responsible for the content at the Infringing Website.

18.     Upon information and belief, Defendant needed a celebrity photograph of a to promote and advertise one of its businesses, the restaurant The Kartal Bar Boston.

19.     Upon information and belief, Defendant or someone acting on its behalf, searched the internet and located the Copyrighted Work and, without authorization from Plaintiff, downloaded the Copyrighted Work to computer systems owned or operated by Defendant, and then used the Copyrighted Work in the creation of webpages for the commercial purpose of selling Defendant's services, thus unlawfully committing a number of infringing acts, namely, reproducing, distributing, creating unlawful derivative works, and publicly displaying the Copyrighted Work.

20.     Defendant is thus directly responsible for the unlawful reproduction, distribution, derivation, and public display of the Copyrighted Work.

21.     Defendant's reproduction, distribution, derivation, and public display of the Copyrighted Work are without Plaintiff's authorization.

22.     Defendant's unauthorized reproduction, distribution, derivation, and public display of Plaintiff's Copyrighted Work was knowing and willful in that Defendant has acted in reckless disregard of Plaintiff's copyrights.

## CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 101 *et seq.*)

23.     Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

24.     The Copyrighted Work is an original work of authorship, embodying

copyrightable subject matter, subject to the full protection of the United States copyright laws.

25.    As exclusive licensee, Plaintiff has sufficient rights, title and interest in and to the copyrights in the Copyrighted Work to bring suit.

26.    Upon information and belief, as a result of Plaintiff's licensing and public display of the Copyrighted Work to others, Defendant had access to the Copyrighted Work prior to the creation of the Infringing Website.

27.    By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing, using in the creation of an unlawful derivative works, and publicly displaying the Copyrighted Work at the infringing website.

28.    Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant has profited at the expense of Plaintiff.

29.    As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

30.    In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

31.    In the alternative, and at Plaintiff's election, to the extent allowed by 17 U.S.C. § 412, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § § 504(c), in the amount of $150,000 for each Copyrighted Work with respect to the

infringing reproduction, distribution, use in derivative work(s), or public display of the

Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

32.     Defendant's conduct has caused and any continued infringing conduct will

continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has

no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a

permanent injunction prohibiting infringement of Plaintiff's exclusive rights under

copyright law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment as follows:

1.     A declaration that Defendant has infringed Plaintiff's copyrights under the

Copyright Act;

2.     A declaration that such infringement is willful;

3.     An accounting of all revenue earned by Defendant during the period in which it

reproduced, distributed or displayed the Copyrighted Works, or any portion or derivation of

the Copyrighted Work;

4.      Awarding Plaintiff all gains, profits, property and advantages obtained or

derived by Defendant from their acts of copyright infringement or, *in lieu* thereof, should

Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17

U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each

instance of copyright infringement;

5.     Awarding Plaintiff such exemplary and punitive damages as the Court

finds appropriate to deter any future infringement pursuant to the Copyright Act;

6.     Awarding Plaintiff its costs and disbursements incurred in this action,

including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505 for each instance of copyright infringement;

7.      Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

8.      Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's or to participate or assist in any such activity; and

9.      For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: January 30, 2026

Respectfully submitted,

/s/ *R. Terry Parker*
R. Terry Parker, Esquire (BBO No. 569008)
Law Office of R. Terry Parker
New York, New York 10036
Telephone: (212) 859-5068
Email: terry@rterryparkerlaw.com

*Attorney for Plaintiff*
*August Image, LLC*